IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-2485-MSK-PAC

CAMILLE MELONAKIS-KURZ, individually and on behalf of other similarly situated employees, and
OTHER INDIVIDUALS WHO HAVE CONSENTED TO JOIN THIS ACTION,

    Plaintiffs,

v.

HEARTLAND HOME FINANCE, INC.,

    Defendant.

---

# MEMORANDUM OPINION AND ORDER REGARDING MOTION FOR CLASS CERTIFICATION

---

    THIS MATTER comes before the Court on the Plaintiffs' Motion for Conditional Class Certification **(#223)** and on the Magistrate Judge's Recommendation **(#252)** that the motion be granted. Having considered the motion **(#223)**, its supporting brief **(#68)** and exhibits **(#48)**, the response **(#67)** and reply **(#217, #218, #224, #225)**[1] thereto, the recommendation **(#252)**, the objections thereto **(#257)**, the response **(#260, #261)**[2] and the reply **(#264)** to the objections, the transcript of the hearing held by the Magistrate Judge on February 22, 2005 **(#254)** and the

---

[1] The reply and supporting affidavit were filed twice. Therefore, they were docketed twice.

[2] The response was filed twice – once by facsimile, and once by mail. As a consequence, it also was docketed twice.

evidence presented at that hearing **(#247)**, the Court finds and concludes as follows.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

Plaintiff Camille Melonakis-Kurz asserts a single claim under the Fair Labor Standards Act ("FLSA")[3] against Defendant Heartland Home Finance, Inc. ("Heartland"). She alleges that Heartland improperly denied her overtime compensation for work she performed as a loan officer in Heartland's Aurora, Colorado branch office.

Ms. Melonakis-Kurz also desires to assert, in a representative capacity, similar claims on behalf of loan officers employed by Heartland from December 5, 2000 to the present who worked more than 40 hours in a week but did not receive overtime compensation.[4] For this purpose, she filed a motion asking the Court to conditionally certify a class for notice and discovery purposes, only.[5] She contends that Heartland unlawfully treated all loan officers as "exempt" employees under the FLSA and therefore denied them overtime pay. Heartland objects

---

[3] The claim is asserted under 29 U.S.C. § 207(a)(1).

[4] Since Ms. Melonakis-Kurz commenced this action, her counsel have filed numerous documents entitled "Notice of Consent Filing." These notices identify several individuals who consent to join in this lawsuit. *See* #10, #15-19, #22, #26- 28, #30-31, #33-38, #40-44, #47, #49-55, #57-59, #61-66, #69-74, #76-136, #138, #142-151, #153-159, #161-168, #170, #172-174, #176-185, #187, #191-194, #196-201, #204, #206-209, #211-214, #216, #222, #226, #229-232, #234-236, #238-242, #244-246, #248-251, #253, #255-256, #258, #262, #265-#267. The consent forms attached to the notices provide: "I hereby consent to join the lawsuit against Heartland Home Finance, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*"

[5] In her reply, she states that she no longer seeks class certification for notice purposes, only for discovery purposes.

to class certification.

The Magistrate Judge recommends that the motion for conditional class certification be granted. She concludes that Ms. Melonakis-Kurz was similarly situated to other loan officers who allegedly worked more than 40 hours per week but were denied overtime compensation. Heartland objects to the recommendation.

### III. Issue Presented

The issue presented is whether this action should be conditionally certified as a collective action[6] pursuant to the FLSA.

### IV. Standard of Review

Because Heartland objects to the Magistrate Judge's recommendation, review is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### V. Analysis

The FLSA allows "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to initiate an action against an employer for the wrongful denial of overtime compensation. 29 U.S.C. § 216(b). Other employees become plaintiffs to such action by filing written consent in the court where the action is commenced. *See id.*

This is not a "class action" as that term is commonly understood. *See Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 n.3 (10th Cir. 2001). Rule 23 of the Federal

---

[6]As noted, *infra*, class certification is not appropriate. Under the FLSA, the question is whether the action should be certified as a collective action.

Rules of Civil Procedure has no direct application. *See id.* at 1105. Thus, "class certification" is a misnomer. Instead, FLSA actions are described as "collective actions" to the extent that an employee asserts claims on behalf of others or numerous employees pursue claims collectively.

The standard for determination of whether an FLSA action should be regarded as a collective action depends upon the time at which certification is sought. *See id.* at 1102, 1105. A court's first delineation is at the notice stage. At this juncture, a court uses a lenient standard to determine whether plaintiffs are similarly situated. *See id.* at 1102. Where there are substantial allegations that the plaintiffs were the victims of a single decision, policy or plan, conditional certification of the action as a collective action is appropriate for purposes of giving notice to the plaintiffs and for discovery. *See id.* At the conclusion of discovery, however, a court makes a second determination using a stricter standard. *See id.* at 1102-03. In determining whether plaintiffs are similarly situated at this later juncture, a court considers various factors, including: (1) the employment situations of each plaintiff; (2) different defenses applicable to different plaintiffs; (3) fairness or procedural considerations; and (4) whether each plaintiff exhausted required remedies before joining the lawsuit. *See id.* at 1103. The requested certification in this case is of the first type.

Ms. Melonakis-Kurz alleges that Heartland had a compensation policy by which it treated all loan officers as exempt employees. In support of her motion, she submits excerpts from the deposition of Donald Flynn of Heartland, who testified that loan officers have similar

job duties, there is one job description for loan officers, all loan officers are paid under the same compensation plan, no loan officer has been paid overtime, and he believes that loan officers are "exempt" employees under the FLSA even though they are classified as "non-exempt" employees in Heartland's system. She also provides declarations in which numerous individuals who worked as loan officers state that they worked more than 40 hours per week but were not compensated for overtime. Some of the loan officers, as well as branch managers, state that they were told by "upper management" to falsify time sheets to reflect that the loan officers worked only 40 hours per week, even if they worked more than 40 hours.

Heartland responds that collective action certification under the FLSA is not appropriate because Ms. Melonakis-Kurz is not similarly situated to other loan officers. Heartland contends that pre-approved overtime compensation was available to Ms. Melonakis-Kurz but she never sought pre-approval of overtime, never informed her branch manager that she was working more than 40 hours per week, and never complained to Heartland that she felt she was owed overtime compensation. Heartland also contends that collective action certification is inappropriate because the United States Department of Labor Wage-and-Hour Division conducted an investigation of the Aurora branch office and entered into a supervised settlement with Heartland for alleged overtime compensation violations. Finally, Heartland contends that the declarations attached to Ms. Melonakis-Kurz' filings consist of inadmissible hearsay.

At this stage of the litigation, the determination of whether Ms. Melonakis-Kurz is

similarly situated to other loan officers presents a question of pleading. The Court does not determine whether Heartland has violated the FLSA with respect to any plaintiff, nor does it determine whether all of the individuals who have opted into this lawsuit may ultimately assert claims or obtain relief. The Court does not weigh the evidence filed by both sides in making this determination. Likewise, the ultimate admissibility or inadmissibility of such evidence is unimportant.

The Court looks only at whether Ms. Melonakis-Kurz has made substantial allegations that the putative plaintiffs were the victims of a single decision, policy or plan. She has done so. Therefore, it is appropriate to certify this action as a collective action under the FLSA for notice and discovery purposes.[7] At the conclusion of discovery, the Court will determine whether this action should proceed as a collective action for purposes of trial.

This Court is cognizant that courts have used varying procedures with regard to FLSA collective actions. Many courts treat such actions as class actions in which the plaintiff who commenced the action represents the other plaintiffs who have opted into the action. Indeed, one treatise refers to FLSA collective actions as "opt-in" representative actions, and until an "individual opts in, he or she is not considered part of the collective action and is not bound by the court's decision." *See* Ellen C. Kearns, The Fair Labor Standards Act, 1159-60 (1999). However, this result is not suggested by the plain language of the FLSA. Rather, the statute

---

[7] Ms. Melonakis-Kurz no longer asks for certification for notice purposes. However, there may still be individuals who have not received notice of this action and who may be identified during discovery.

states that a party plaintiff may proceed on his own behalf or on behalf of "other employees similarly situated." It is through the filing of written consent that an individual becomes a party plaintiff proceeding on his own behalf and perhaps on behalf of others. Here, hundreds of individuals have filed written consent forms stating that they wish to join this lawsuit "as a Plaintiff."[8] These consent forms do not state that they wish to be represented by Ms. Melonakis-Kurz, but they do bear the entry of appearance of Ms Melonakis-Kurz' counsel as counsel for each new plaintiff.

Recognizing that other courts, presumably for practical reasons, have treated FLSA collective actions as representative class actions, based upon a plain reading of the FLSA and the consent forms that have been filed in this case, the Court consciously deviates from such approach. Although hundreds of individuals have consented to join this FLSA suit as party plaintiffs, the expected burden upon courts to ensure that each party receive notice of every event is reduced both by the implementation of CM/ECF in this case and by the fact that all Plaintiffs are represented by the same counsel. Such counsel, consistent with their professional obligations, will undoubtedly keep each Plaintiff advised of all developments and proceedings in this litigation and will obtain individual instruction from each client as to the course of this case.

Due to the number of Plaintiffs in this case, however, it is appropriate to waive the case caption requirements of D.C.COLO.LCivR 10.1(J), and to substitute a mechanism for

maintaining a current list of Plaintiffs. Given the large number of individuals who have filed written consents and are now Plaintiffs, the case caption could potentially span more than ten pages. Therefore, pleadings filed in this lawsuit do not need to have a complete caption naming all Plaintiffs. Instead, the caption shall be as set forth in this Order.

More than 200 individuals have joined this action as Plaintiffs, and several have withdrawn their consent to be Plaintiffs. This is likely to continue. For ease in the administration of this case, counsel for the Plaintiffs shall file and serve a comprehensive list of all individuals who have joined this action as Plaintiffs. They shall update this list each time that other individuals join or withdraw from the lawsuit.

**IT IS THEREFORE ORDERED** that:

(1) The Magistrate Judge's Recommendation **(#252)** is **ADOPTED** as to conditional collective action designation, but **REJECTED** insofar as it recommends class certification. Heartland's objections **(#257)** to the recommendation are **OVERRULED**.

(2) Plaintiffs' Motion for Conditional Class Certification **(#223)** is **GRANTED,** insofar as the this is conditionally designated as a collective action, but **DENIED** in all other respects.

(3) The Court conditionally shall treat this action as a collective action under the FLSA for purposes of notice and discovery. Counsel for the named Plaintiff will

      be deemed to represent all Plaintiffs, inidividually. The named Plaintiff will not act in a representative capacity for any other person who has consented to be a Plaintiff.

(4)    The case caption shall be as set forth in this Order, but within 10 days of this order, counsel for the Plaintiffs shall file and serve a comprehensive list of all individuals who have consented to join this action as a Plaintiff. Such list shall be updated, filed and served within 10 days after: (a) a new individual consents to join this action as a Plaintiff; or (b) an individual withdraws such consent.

Dated this 27th day of June, 2005.

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*
                              _____
                              Marcia S. Krieger
                              United States District Judge