UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.   03-cv-02485 MSK-PAC

CAMILLE MELONAKIS-KURZ, individually and on behalf of other similarly situated employees, and
other individuals who have consented to join this action,

        Plaintiffs,

v.

Heartland Home Finance, Inc.,

        Defendant.

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into between Plaintiffs through their attorneys, Nichols Kaster & Anderson ("Plaintiffs' Counsel"), and Defendant Heartland Home Finance, Inc., ("Defendant") through their attorneys, Ice Miller, LLP ("Defendant's Counsel").

### STIPULATED RECITALS.

1. On December 8, 2003, Camille Melonakis-Kurz ("Plaintiff") filed a Collective Action Complaint with the Court, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"). Specifically, Melonakis-Kurz claimed that she, along with other similarly situated loan officers, were denied overtime pay for work performed in excess of forty hours per week.

2. On June 27, 2005 the Court accepted the Magistrate Judge's recommendation granting Plaintiff's motion to compel the list of all loan officers who worked for Defendant during the statutory period. Plaintiffs' Counsel sent out notice of the action and loan officers from around the country filed consent forms with the Court to join this action.

3.       Ultimately, nine hundred and seventy-six (976) individuals joined this action by filing consent forms with the Court.  Since that time, eighteen (18) individuals withdrew by filing withdrawal forms with the Court.  Moreover, ninety-nine (99) individuals were ineligible because they did not have claims within the three year statute of limitations.  Therefore, eight hundred fifty nine (859) Plaintiffs remain and were included in this settlement.[1]

4.       During this case, the parties participated in extensive discovery, including over sixty (60) depositions in locations across the country.  The parties also exchanged thousands of pages of documents, and discovery requests and responses.

5.       At the conclusion of discovery, Plaintiffs brought a motion for summary judgment on liability, liquidated damages, and a third year of damages for "willful" conduct, and Defendant brought a motion for decertification.  These motions are still pending..

6.       In October 2004, the parties engaged in mediation in Virginia with mediator Joan Morrow.  That mediation was unsuccessful.  On April 11, 2006, the parties met in Chicago, Illinois, for a mediation conducted by Judge (Ret.) Sanford Brook of the Judicial Arbiter Group, Inc.  The parties again were unsuccessful.  However, on Wednesday, May 3, 2006, the parties reconvened the mediation with Judge Brook in Denver, CO.  This time, the mediation was successful, and the parties signed a summary of the terms and conditions of the settlement.

7.       The parties jointly move this Court for the approval of this settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)(*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor

---

[1] Four additional Plaintiffs were also included in the settlement who were members of a companion action filed by Plaintiffs for minimum wage (*Scott et al v. Heartland Home Finance*, Northern District of Georgia, Court File No. 05-2812 TWT) but were not members of the current action.

approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel.)  The parties ask that this Court approve the settlement as a "reasonable compromise" between the parties. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable compromise," the Court may either accept or reject it but should not require the parties to accept any revisions or modifications to the agreement.)

8.     Plaintiffs assert claims in this matter, the value of which is in excess of the amount for which this matter has been settled.  The settlement terms contain an express proviso that neither the settlement nor its terms constitutes an admission of wrongdoing by Defendant.  However, the parties have agreed to resolve this case for a negotiated sum, inclusive of attorneys' fees and costs.  Plaintiffs' assert that this compromise has been reached based solely upon Defendant's representations regarding its present financial condition.  Defendant asserts that Plaintiffs' claims continue to lack merit, and it has entered into this settlement solely to avoid the continued costs of litigation.  However, the parties agree that should any portion of the payment due under this agreement be affected by Defendant filing for bankruptcy, this settlement is not intended to preclude Plaintiffs or their counsel, in any way, from pursuing their full unreduced claim in bankruptcy court.

9.     Plaintiffs' Counsel have concluded that under the circumstances, the terms and conditions of this settlement are fair, reasonable and adequate, and beneficial to and in the best interests of Plaintiffs.

10.    Defendant shall provide Plaintiffs' Counsel with the Plaintiffs' individual settlement offers by May 23, 2006.  Note: These settlement allocations were based upon their

length of employment within the statutory period, and whether or not they participated in a deposition or other related court proceedings.  Upon receipt, Plaintiffs' Counsel shall immediately send the Notice of Settlement (sample Notice attached) to Plaintiffs setting forth their settlement offers.  The Notice of Settlement shall explain the applicable factors affecting settlement and describing their specific net settlement amount.  The date on which these Notices of Settlement are mailed by Plaintiffs' Counsel to Plaintiffs, shall constitute the "Date of Notice of Settlement."

11.  Consistent with Plaintiffs' Counsels' fee agreements with Plaintiffs, Plaintiffs' Counsel will be allocated 33% of the settlement amount, plus costs.

12.  Fifty percent (50%) of the remainder of each Plaintiff's settlement amount shall be in the form of wages and a w-2 shall be issued by Defendant. Defendant shall be responsible for its portion of the SUTA/FUTA/FICA/Medicare relative to these payments.  The other fifty percent (50%) shall be for liquidated damages, and a 1099 issued by Defendant for this amount. Defendant shall issue a form 1099 to Plaintiffs' Counsel for attorneys' fees and costs paid.

13.  Each Plaintiff will have thirty (30) days from the Notice of Settlement Date to file objections with the Court about the settlement as a whole, or their individual settlement allocations ("the Notice Period").  Plaintiffs shall be advised of this right in the Notice of Settlement.

14.  By May 23, 2006, Defendant shall escrow the settlement funds in a trust account with a third party, with the understanding that the applicable funds will be released to Defendant for payment at the end of the Notice Period.

15.     Defendant will deliver all settlement checks of non-objecting Plaintiffs and Plaintiffs' Counsel, to Plaintiffs' Counsel within five (5) days of the expiration of the expiration of the Notice Period, and Plaintiffs' Counsel shall immediately send these checks to said Plaintiffs. The date these checks are delivered to Plaintiffs' Counsel shall be considered the "Date of Payment," for purposes of all other deadlines.

16.     Plaintiffs who accept their offer by failing to object during the Notice Period will be deemed to have released all FLSA and related claims under state law wage and hour statutes and will be dismissed by this Court with prejudice. The parties agree to work together to ensure that those Plaintiffs who contact Plaintiffs' Counsel because they either misplaced or did not receive their settlement checks are issued a replacement settlement check by Defendant promptly.

17.     The claims of all Plaintiffs who object to the Court during the Notice Period will be directed to Mediator Sanford Brook for mediation to take place within thirty (30) days of the filing of the objection, or as soon thereafter as reasonably practicable. The parties will have a sixty (60) day period for Mediation, that begins on the date that the Notice Period expires (however, the parties may agree to mediation before that date). In the event mediation is successful, the plaintiff shall withdraw his or her objection, and Defendant shall issue a payment check for the mediated amount. The costs of mediation shall be split between the parties. In the event mediation is unsuccessful, these Plaintiffs will be directed back to the Court, and their claims de-certified, and dismissed by this Court without prejudice. Their gross settlement allocations (including attorney fees and costs) shall be redistributed back to Defendant, and the

statute of limitations on their claims tolled for two months from the date of the Court's order dismissing their claims.

18. Within five (5) days of the expiration of the Mediation Period, or immediately upon the parties' failed efforts to mediate the claims of those who object during the Notice Period, if any, the parties will file with this Court a Stipulation and Order for Dismissal specifically identifying those Plaintiffs to be dismissed with prejudice, and those remaining plaintiffs to be decertified and dismissed without prejudice.

19. The parties have agreed to mutual confidentiality as to the terms of this settlement. This confidentiality provision does not preclude Defendant from discussing the terms of this settlement with those persons with a legitimate business reason to have access to the information. Furthermore, this confidentiality provision does not preclude Plaintiffs from discussing the terms of this settlement with their spouse, attorneys, tax preparer or financial advisor upon those individuals agreeing to maintain the terms in strict confidence. The parties may also disclose the terms pursuant to subpoena or court order.

20. This Stipulation shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Colorado.

21. This Stipulation shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Stipulation or any specific term or condition thereof.

22. This Stipulation, any Exhibits attached hereto, and the documents expressly referenced herein, constitute the entire agreement between the parties concerning the subject

matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of the Stipulation.

23. To be effective, any amendment to this Stipulation must be made in writing and signed by counsel for the parties.

24. All of the parties have been represented by counsel throughout all negotiations which preceded the execution of this Stipulation, and this Stipulation is made with the consent and advice of counsel.

IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the date indicated below:

| | |
|---|---|
| Dated: | Dated: |
| NICHOLS KASTER & ANDERSON, PLLP | ICE MILLER, LLP |
| /s Michele R. Fisher | /s David J. Carr |
| Donald H. Nichols, MN #78918 | David J. Carr, #4241-49 |
| Paul J. Lukas, MN #22084X | Steven F. Pockrass, #18836-49 |
| Michele R. Fisher, MN #303069 | One American Square |
| Attorneys for Plaintiffs | Suite 3100 |
| 4600 IDS Center | Indianapolis, IN 46282 |
| Minneapolis, MN 55402 | Telephone: (317) 236-2100 |
| Telephone: (612) 338-1919 | |
| | Sean R. Gallagher |
| ATTORNEYS FOR PLAINTIFFS | HOGAN & HARTSON, LLP |
| | 1200 Seventeenth Street, Suite 150 |
| | Denver, CO 80202 |
| | Telephone: (303) 454-2415 |
| | ATTORNEYS FOR DEFENDANT |

I/1749287.1