UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.   03-cv-02485 MSK-PAC

CAMILLE MELONAKIS-KURZ, individually and on behalf of other similarly situated employees, and
other individuals who have consented to join this action,

        Plaintiffs,

v.

HEARTLAND HOME FINANCE, INC.,

        Defendant.

## NOTICE OF SETTLEMENT

TO:   <NAME>
<DATE>

**This is a Notice informing you that the U.S. District Court for the District of Colorado has approved the settlement of the above captioned lawsuit.**

**You are being informed of this settlement because you consented to join this action, and you have certain rights and responsibilities under the settlement agreement. In this Notice, you will be advised of the amount of the settlement, if any, that you are entitled to receive.**

**You must inform the Court directly, no later than DATE [30 days from the Date of the Notice of Settlement], if you object to the settlement as a whole or your individual settlement amount. Otherwise, you will be bound by the terms of this settlement.**

### Purpose of Notice

This Notice has been sent to you because you consented to participate as a Plaintiff in this lawsuit. A settlement of this litigation has been reached, and a collective action has been certified for purposes of settlement. Pursuant to an order of the Court, this Notice will inform you of the general terms of the settlement of this litigation; of your right to object to the settlement and to participate in mediation of your claims; and of your right not to participate in the settlement. In the event that you make a timely objection to the settlement with the Court and do not settle your claims through mediation, then the action will be decertified as to you, your claims, if any, will be dismissed, and the statute of limitations as to your claims will be tolled for two months from the date of dismissal of your claims by the Court.

## Background of the Litigation

On December 8, 2003, Camille Melonakis-Kurz ("Plaintiff") filed a Collective Action Complaint with the Court, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"). Specifically, Melonakis-Kurz claimed that she, along with other similarly situated loan officers, were denied overtime pay for work performed in excess of forty hours per week.

On June 27, 2005 the Court accepted the Magistrate Judge's recommendation granting Plaintiff's motion to compel the list of all loan officers who worked for Defendant during the statutory period. Plaintiffs' Counsel sent out notice of the action and loan officers from around the country filed consent forms with the Court to join this action.

Ultimately, nine hundred and seventy-six (976) individuals joined this action by filing consent forms with the Court. Since that time, eighteen (18) individuals withdrew by filing withdrawal forms with the Court. Moreover, ninety-nine (99) individuals were ineligible because they did not have claims within the three year statute of limitations. Therefore, eight hundred fifty nine (859) Plaintiffs remain and were included in this settlement.[1]

During this case, the parties participated in extensive discovery, including over sixty (60) depositions in locations across the country. The parties also exchanged thousands of pages of documents, and discovery requests and responses.

At the conclusion of discovery, Plaintiffs brought a motion for summary judgment on liability, liquidated damages, and a third year of damages for "willful" conduct, and Defendant brought a motion for decertification. On April 11, 2006, while those motions were pending the parties met in Chicago, Illinois, for a mediation conducted by Judge (Ret.) Sanford Brook of the Judicial Arbiter Group, Inc. The mediation was unsuccessful. Previously, in October 2004, the parties engaged in mediation in Virginia with mediator Joan Morrow. That earlier mediation also was unsuccessful. However, on Wednesday, May 3, 2006, the parties reconvened the mediation with Judge Brook in Denver, Colorado. This time, the mediation was successful, and the parties signed a summary of the terms and conditions of the settlement.

U.S. District Court Judge Marcia S. Krieger conducted a hearing with counsel for the parties on May 11, 2006, and, at the direction of the Court, counsel for the parties developed this settlement notification procedure.

## Summary of Settlement

Settlement allocations were based upon length of employment within the statutory period, and whether or not the individual participated in a deposition or other related court proceedings. The gross settlement allocation for You, <NAME>, is _____. Consistent with Plaintiffs' Counsels' fee agreements with Plaintiffs, Plaintiffs' Counsel will be allocated 33% of the settlement amount, plus costs. Fifty percent (50%) of the remainder of your settlement

---

[1] Four additional Plaintiffs were also included in the settlement who were members of a companion action filed by Plaintiffs for minimum wage (*Scott et al v. Heartland Home Finance*, Northern District of Georgia, Court File No. 05-2812 TWT) but were not members of the current action.

amount shall be in the form of wages and a w-2 shall be issued by Defendant. Defendant shall be responsible for its portion of the SUTA/FUTA/FICA/Medicare relative to this portion. The other fifty percent (50%) shall be for liquidated damages, and a 1099 issued by Defendant for this amount. Defendant shall issue a form 1099 to Plaintiffs' Counsel for attorneys' fees and costs paid. Early next year, Heartland will issue you an IRS tax form W-2 for the former amount and an IRS tax form 1099 for the latter, so you can pay the appropriate taxes on these payments. The net amount that will be paid to you (i.e., the gross amount, minus withholdings from the amount to be paid in the form of wages, and minus attorney fees and costs) is _____.

The fact and terms of this Settlement are confidential. However, you may disclose details of this Settlement to your spouse, attorney, tax professional, and/or financial advisor, but only if your spouse, attorney, tax professional and/or financial advisor agree to be bound by this confidentiality agreement as a condition of disclosure. You also may disclose details of this Settlement under Court order or subpoena.

**In consideration for this settlement, all of the claims brought by you in this action, or otherwise, including all claims for a federal wage and hour laws and any related state wage and hour laws will be dismissed with prejudice, and you will be forever barred from any future litigation asserting these or related claims.**

A Release of Claims Form accompanies this Notice. Unless you send a timely objection to the Court (as explained below), you agree to be bound by the terms of the Release of Claims, regardless of whether you sign or return the Release of Claims. If you make a timely objection and settle your claims through a separate mediation, you also will be bound by the Release of Claims. If you make a timely objection and do not settle your claims through mediation, then your individual case will be dismissed without prejudice, and the statute of limitations as to your claims will be tolled for two months from the date of dismissal of your claims by the Court, so you may re-file your claims elsewhere.

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE. THE CLERK IS NOT ABLE TO PROVIDE ANY INFORMATION OR ADVICE REGARDING THIS NOTICE.

### Reasons for Settlement

Plaintiffs assert claims in this matter, the value of which is in excess of the amount for which this matter has been settled. The settlement terms contain an express proviso that neither the settlement nor its terms constitutes an admission of wrongdoing by Defendant. However, the parties have agreed to resolve this case for a negotiated sum, inclusive of attorneys' fees and costs. Plaintiffs' assert that this compromise has been reached based solely upon Defendant's representations regarding its present financial condition. Defendant asserts that Plaintiffs' claims continue to lack merit, and Defendant has entered into this settlement solely to avoid the continued costs of litigation. However, the parties agree that should any portion of the payment due under this agreement be affected by Defendant filing for bankruptcy, this settlement is not intended to preclude Plaintiffs or their counsel, in any way, from pursuing their full unreduced claim in bankruptcy court. In recommending settlement, the Court urges all involved to

consider: (1) whether the settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) whether the settlement is fair and reasonable. *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984). Counsel for the parties have concluded that all of the above-stated criteria have been met, and that this is amply demonstrated by the pleadings previously filed with the Court.

### **What Are Your Options?**

Your options are as follows:

1. <u>Take no action, but cash your settlement check upon receipt.</u> If you take no action, your settlement check will be sent shortly after the conclusion of the 30-day notice period for filing objections. If you cash your check, you are agreeing to be bound by the Release of Claims, and your claims will be dismissed by the Court with prejudice.

2. <u>File a timely objection with the Court.</u> If you object to the settlement, you must file an objection directly with the Court no later than 30 days from the date of this Notice. An objection filed more than 30 days after the date of this Notice will be considered untimely.

The objection should specifically include the case name, case number, your name, and the specific reasons for your objection. It should be addressed to:

Clerk, United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
 Room A105
901 19th Street
Denver, Colorado 80294-3589

The claims of all Plaintiffs who object will be directed to Mediator Sanford Brook for mediation to take place within sixty (60) days of the filing of the objection, or as soon thereafter as reasonably practicable. Mediation costs will be split between you and the Defendant.

In the event that mediation is successful, then the claims of such Plaintiffs shall be dismissed with prejudice in accordance with the terms reached at the mediation, subject to Court approval, and said Plaintiffs shall be bound by the Release of Claims.

In the event mediation is unsuccessful, those plaintiffs will be directed back to the Court, and their claims decertified. The claims of such Plaintiffs, if any, shall be dismissed by the Court without prejudice so the Plaintiff may file his/her claim elsewhere if he/she so chooses, and the statute of limitations on their claims tolled for two months from the date of the Court's order dismissing their claims.

I/1749289.1

## **Additional Information**

Any questions that you may have regarding this settlement may be directed to your counsel. All Plaintiffs in this action are represented by

Donald Nichols, Paul Lukas, and Michele Fisher
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Toll Free Telephone: (877) 448.0492


Due to the fact that you are represented by counsel, the attorneys for Defendant cannot discuss this settlement agreement directly with you without your counsel present.

David J. Carr
ICE MILLER, LLP
One American Square, Suite 3100
Indianapolis, IN  46282-0200

The Court docket and public filings in this litigation are accessible via the Internet at www.cod.uscourts.gov.  They also may be examined at any time during regular office hours at the office of the Clerk of the United States District Court for the District of Colorado, Room A105, 901 19th Street, Denver, Colorado 80294-3589.